UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

        Plaintiff-Respondent,                  Case No. 1:09-cr-257-02

v.                                                    HON. JANET T. NEFF

GEORGE MATTOX,

        Defendant-Movant.

_____/


**OPINION**

        Pending before this Court is Defendant George Mattox's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him (Dkt 65). The government filed a response in opposition (Dkt 75), and Defendant filed a reply (Dkt 80). For the reasons that follow, the Court grants in part and denies in part the § 2255 motion, and issues this Opinion and Final Order. *See* RULES GOVERNING § 2255 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

**I. BACKGROUND**

        On January 7, 2010, Defendant pleaded guilty before a Magistrate Judge to Count I of a superseding indictment charging conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(i) (Dkt 21). In exchange for Defendant's plea, the government agreed to dismiss Counts V-IX of the superseding indictment (Tr., Dkt 63 at 14), and to not file notice of Defendant's two prior felony drug convictions, which would have elevated his minimum sentence from ten years to a mandatory

minimum life sentence (*id.* at 15).  This Court sentenced Defendant on July 6, 2010 to 144 months in prison; 5 years on supervised release; a fine of $2,700; and a special assessment of $100 (Dkt 51). The Judgment of Sentence was entered the following day (Dkt 53).  Defendant did not file an appeal.

On April 15, 2011, Defendant filed this pro se motion to vacate set aside, or correct his sentence under 28 U.S.C. § 2255, alleging three separate grounds of ineffective assistance of counsel as follows:

> GROUND I:  Failure to file an appeal upon request of Defendant
>
> GROUND II:  Advising Defendant to plead guilty to a crime of which he was not guilty
>
> GROUND III:  Failure to move for severance.

(Dkt 65 at 1, 3, 6).  The government filed its response on December 16, 2011 (Dkt 75).  On February 2, 2012, Defendant filed a reply (Dkt 80).

## II.  ANALYSIS

### A.     Motion Standards

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

The general rule is that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Claims of ineffective assistance of counsel are an exception to this general rule. Claims of ineffective assistance of counsel "are more properly available in a post-conviction proceeding under 28 U.S.C. § 2255, after the parties have had the opportunity to develop an adequate record on the issue from which the reviewing court is capable of arriving at an informed decision." *United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010) (quoting *United States v. Rahal*, 191 F.3d 642, 645 (6th Cir. 1999)).

Defendant presents three grounds for relief, each premised on the alleged ineffective assistance offered by his trial counsel: (1) failing to file an appeal (Def. Mem., Dkt 65 at 1); (2) advising Defendant to plead guilty to a crime that Defendant now maintains he is innocent of (*id.* at 3); and (3) failing to file a motion to sever his case from his co-defendant's case (*id.* at 6).

To establish ineffective assistance of counsel, Defendant must show both deficient performance by his counsel and prejudice resulting therefrom. *See Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 739 (2011) (citing *Knowles v. Mirzayance*, 566 U.S. 111 (2009)). To establish deficient performance, Defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Premo*, 131 S. Ct. at 739 (quoting *Strickland v. Washington,* 466 U.S. 668, 688 (1984)). A court considering a claim of ineffective assistance must apply a "strong presumption that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* (quoting *Strickland*, 466 U.S. at 689). Defendant's burden is to show that "counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *See id.* (quoting *Strickland*, 466 U.S. at 687).

3

Even if Defendant can successfully show his counsel's performance was deficient, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *See Strickland*, 466 U.S. at 691. Therefore, Defendant must further establish that he suffered prejudice as a result of his attorney's allegedly deficient performance. Prejudice, in this context, has been defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Premo*, 131 S.Ct. at 739 (quoting *Padilla v. Kentucky*, ___ U.S. ___; 130 S. Ct. 1473, 1485 (2010)); *see also Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). The issue is whether counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 690). This is a heavy burden for Defendant to meet because he must establish that his counsel's performance was "so manifestly ineffective that defeat was snatched from the hands of probable victory." *See Jacobs v. Mohr*, 265 F.3d 407, 418 (6th Cir. 2001) (quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc)). As the Supreme Court has made clear, even when reviewing an ineffective assistance of counsel claim de novo, "the standard for judging counsel's representation is a most deferential one." *Premo*, 131 S.Ct. at 740.

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)

(quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The files and records in this case conclusively show that Defendant is not entitled to relief under 28 U.S.C. § 2255 for Grounds II and III of his petition. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion with respect to those grounds. The necessity of an evidentiary hearing on Ground I will be discussed, *infra.*

**B.     Ground I: Failure to Appeal**

Defendant first seeks relief on the ground his counsel was ineffective for failing to file an appeal after Defendant requested he do so (Def. Mem., Dkt 65 at 1). In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court announced that the test for assessing ineffective assistance of counsel for failure to file a notice of appeal is the familiar two-pronged inquiry of *Strickland*. 528 U.S. at 477. The Court held that it is professionally unreasonable for a lawyer to fail to file an appeal when specifically instructed to do so. *Id.* Should a defendant establish that counsel failed to file an appeal at the defendant's request, prejudice is presumed. *Id.* at 483; *see also United States v. Leachman*, 309 F.3d 377, 380 n.4 (6th Cir. 2002) (noting that "[s]uch failure by counsel constitutes per se ineffective assistance under the Sixth Amendment and entitles the defendant to habeas relief under § 2255"). The remedy for a criminal defense counsel's failure to file an appeal is vacatur of the judgment and entry of a new judgment (imposing the same sentence [1]), which

---

[1] This Court may, but is not required to, consider a petitioner's post-sentence conduct. *See Pepper v. United States*, ___ U.S. ___; 131 S. Ct. 1229, 1241-42 (2011) (holding that the sentencing framework of § 3553(a) applies both at a defendant's initial sentencing and at any subsequent resentencing); *United States v. Butler*, 443 F. App'x 147, 153 (2011). *Cf. Putrous v. United States*, No. 03-80743-3, 2011 WL 2669073, at *13-14 (E.D. Mich. July 6, 2011) (discussing authority to consider evidence of the petitioner's post-sentence rehabilitation and mitigating evidence).

restarts the time for filing a notice of appeal. *Johnson v. United States*, 146 F. App'x 4, 5-6 (6th Cir. 2005) (citing *Rosinski v. United States*, 459 F.2d 59 (6th Cir. 1972) (per curiam)).

Here, Defendant asserts that he and his counsel "filled out the [appeals] packet together and both signed it" (Def. Reply, Dkt 80 at 2). Defendant further "swears under penalty of perjury that he did ask [counsel] to file the direct appeal and counsel failed to do so" (*id.*).[2] Counsel has submitted an affidavit in which he avers, "Defendant . . . did not request that I file for or pursue an appeal . . . upon his behalf" (Aff., Dkt 75-1).

In *Reeves v. United States*, the defendant pleaded guilty, and the court explained his appellate rights to him at sentencing. Nos. 1:08-cv-969; 1:06-cr-291-01, 2009 WL 2488037, at *2 (W.D. Mich. Aug. 13, 2009). At sentencing, the court gave the defendant the paperwork necessary to file an appeal, but such was never filed. *Id.* The defendant asserted that he had instructed his trial counsel to file the appeal, and his counsel filed an affidavit averring that no such instruction was given to him. *Id.* at *5.

In applying *Roe*, the court reasoned that it could hold an evidentiary hearing to determine if counsel had been instructed to file an appeal. *Reeves v. United States*, Nos. 1:08-cv-969; 1:06-cr-291-01, 2009 WL 2488037, at *5 (W.D. Mich. Aug. 13, 2009). The court opined that if it found in favor of the defendant, then the defendant would, at best, be entitled to a delayed appeal of his sentence. *Id.* Conversely, if the court found for the government, then the defendant would be free

---

[2]The Court notes that although Defendant's reply brief is not signed, Defendant both signed and notarized the Memorandum of Law in support of his § 2255 motion, which contains similar assertions that "counsel was deficient and or ineffective counsel for failure to file a direct appeal to the Sixth Circuit Court of Appeals on petitioner's behalf as requested by the Defendant Mattox," (Dkt 65 at 1), that "[c]ounsel was clearly Ineffective and or deficient counsel for not pursuing the requested appeal and Abandoning the case" (*id.* at 2).

to appeal that decision. *Id.* The court therefore elected to instead vacate and reimpose its sentence against the defendant, allowing the defendant the opportunity to appeal. *Id.* The court granted the delayed appeal in order to expedite resolution of the case and avoid unnecessary inconvenience for the parties. *Id.* (citing *United States v. Anderson*, 409 F. Supp. 2d 925 (S.D. Ohio 2005); *Crowder v. United States*, Nos. 3:04-cr-16, 3:08-cv-525, 2009 WL 440433 (E.D. Tenn. Feb. 20, 2009)). *See also Polson v. United States*, 2008 WL 2783290 (W.D. Mich. July 15, 2008), vacated on other grounds by 343 F. App'x 88 (6th Cir. 2009) (approving the district court's procedure in granting the § 2255 motion, vacating its original judgment, and re-sentencing the defendant as "consistent with this Court's prior instructions").

Here, as in *Reeves,* Defendant and his counsel have submitted conflicting verified statements as to whether Defendant instructed his counsel to file an appeal. Without any comment as to the merits of Defendant's potential appeal, the Court finds "that an evidentiary hearing would only add further delay to this case, and would result in unnecessary inconvenience for all parties involved." *Reeves*, 2009 WL 2488037, at *5. The Court holds, therefore, that it will permit Defendant to take a delayed appeal without any further action in this Court.

**C.     Ground II: Plea**

Defendant next argues that his counsel was ineffective for advising him to plead guilty to a crime of which he now maintains his innocence (Def. Mem., Dkt 65 at 3). When ineffective assistance of counsel allegations are raised in the context of a plea process, the two-pronged analysis from *Strickland* closely resembles the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *see also United States v. Wynn*, 663 F.3d 847, 851 (6th Cir. 2011). The first prong of *Strickland* remains

virtually the same. *Hill*, 474 U.S. at 58. The second prong–the "prejudice" requirement–focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id.* at 59. A defendant must show a reasonable probability that, but for counsel's errors, he "would have insisted on going to trial." *Id.* Further, prejudice cannot be shown absent "any statement that [the defendant] is actually innocent, or would have gone to trial if his attorney's performance had been different." *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998). A bare assertion that a defendant is actually innocent or would have gone to trial is not a talisman that forecloses further inquiry into the defendant's ineffective assistance claim. *Valentine*, 488 F.3d at 333.

1. *Actual Innocence*

In evaluating a claim of actual innocence, the Sixth Circuit has adopted the standard set forth in *Schlup v. Delo*, 513 U.S. 298 (1995). *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007). A defendant must demonstrate that "it is more likely than not that no reasonable juror would have found [the defendant] guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S. at 327). The standard requires the district court to determine what reasonable, properly instructed jurors would do. *Id.* The defendant must bring forth "new reliable evidence" of his innocence. *Id.* (quoting *House v. Bell*, 547 U.S. 518, 537 (2006)).

Here, Defendant asserts that "if not for counsel's advice, [Defendant] would have never plead guilty, and proceeded to trial, as he was actually innocent . . ." (Pet'r Mem., Dkt 65 at 5). However, Defendant has neither pointed to the existence of new reliable evidence nor shown that no reasonable juror would find him guilty beyond a reasonable doubt in light of such evidence. His claim of actual innocence therefore fails.

2. *Insistence on Trial*

To demonstrate that he would have insisted on going to trial, Defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *See Padilla*, ___ U.S. ___, 130 S. Ct. at 1485. A plea of guilty is a rational decision if such is entered voluntarily and intelligently, *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005), as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749 (1970). The government bears the burden of showing that the defendant's plea was voluntary, intelligent, and knowing. *Stumpf v. Mitchell*, 367 F.3d 594, 600 (6th Cir. 2004), *vacated in part on other grounds by Bradshaw v. Stumpf*, 545 U.S. 175 (2005). This burden is "generally satisfie[d] . . . by producing a transcript of the plea proceeding." *Id.* To enter a knowing plea, the defendant must understand the true nature of the charge against him. *Id.* at 608.

In direct review of a federal guilty plea, "the issue of whether the plea was knowing and voluntary is reviewed de novo," while "the underlying factual bases . . are reviewed for clear error." *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007). The Constitution requires that the totality of the circumstances reflect that the defendant be informed of all the direct consequences of his plea. *Brady*, 397 U.S. at 755.

Here, the record shows that Defendant's guilty plea was knowing, intelligent and voluntary. At his plea hearing, the Magistrate Judge explained in detail the charges against him (Tr., Dkt 63 at 6-7). The Assistant U.S. Attorney (AUSA) explained the elements of the charges (*id.* at 7), as well as the evidence the government was prepared to offer should Defendant have elected to go to trial (*id.* at 16-17). The AUSA also explained the significant reduction in potential sentencing Defendant faced as a result of pleading guilty (*id.* at 14-15).

Further, the Magistrate Judge interviewed Defendant under oath, asking if: he consented to a Magistrate Judge conducting his plea hearing (Tr., Dkt 63 at 5); he was of sound mind to understand the proceedings against him (*id.* at 6); he had read, discussed with counsel, and understood the superseding indictment against him (*id.*); he understood the penalties he faced if he pleaded guilty (*id.* at 9); and he had thoroughly discussed the charges with his attorney and was satisfied with the representation (*id.*). Defendant answered each of the Magistrate Judge's questions in the affirmative (*see id.* at 5-9).

Additionally, during the plea hearing, the following exchange took place between the Magistrate Judge and Defendant:

> THE COURT:  Now I would like you to tell me in your own words, Mr. Mattox, what you did that makes you guilty of the crime to which you just pled guilty.
> THE DEFENDANT:  Distributed drugs in Kalamazoo, Michigan.
> THE COURT:  And what kinds of drugs?
> THE DEFENDANT:  Heroin.
> THE COURT:  Okay.  And did you do that from on or about sometime in 2000 until September 23rd, 2009?
> THE DEFENDANT:  Yes.
> THE COURT:  All right.  And did you agree to do that with at least one other person?
> THE DEFENDANT:  Yes.
> THE COURT:  All right.  And do you believe today that that agreement involved at least one kilogram or more of heroin over that time period.
> THE DEFENDANT:  Yes.
>               *   *   *
> THE COURT:  How do you know that it was at least one kilogram or more of heroin?
> THE DEFENDANT:  Over the years that I sold drugs, sold the heroin.
> THE COURT:  Uh-huh.  Is that just an estimate?
> THE DEFENDANT:  Yes.
> THE COURT:  Okay.  Do you have any doubt that that's an accurate estimate?
> THE DEFENDANT:  No.

(Tr., Dkt 63 at 17-18).

In sum, the Court finds no clear error in the factual basis of Defendant's plea and further finds that the totality of the circumstances shows that Defendant's plea was knowing, intelligent, and voluntary. Defendant's plea is therefore valid.

Defendant now claims that his counsel was constitutionally ineffective for:

> [A]dvising [Defendant] to plead guilty to an open plea for a conspiracy to distribute over a kilo of heroin that he was not responsible for, and for failure to object and or oppose the governments [sic] claim of defendants [sic] being responsible for a kilo of heroin, and guilty of a conspiracy

(Def. Mem., Dkt 65 at 3). Defendant further asserts:

> [N]o conspiracy was afoot, the confidential informants stated [Defendant] and [co-defendant] Lipsey were competitors not partners, [Co-defendant] Lipsey likewise stated he and [Defendant] were not partners, and [Defendant] had nothing to do with his drug business . . .

(*id.* at 4). Finally, Defendant argues that he can only be held responsible for the heroin sales to confidential informants in the government's controlled buys (*id.* at 4-5).

Despite the statement of co-defendant Lipsey that there was no conspiracy, the government was prepared to offer substantial evidence of an ongoing conspiracy to distribute more than one kilogram of heroin (Tr., Dkt 63 at 16-17). Further, Defendant cannot now protest that his counsel was ineffective for advising him to plead guilty when Defendant himself admitted under oath to the factual basis of the crime to which he pleaded guilty. Finally, Defendant benefitted greatly in deciding to plead guilty, avoiding a mandatory minimum life sentence (Tr., Dkt 63 at 15). Defendant has failed to convince the Court that electing to go to trial would have been a rational decision, much less that he would have insisted on going to trial but for his counsel's advice.

Further, Defendant has failed to show that his counsel's conduct in any way "fell below an objective standard of reasonableness." Even if counsel's performance had been deficient, Defendant

11

has failed to show prejudice, as his guilty plea was knowing, intelligent, and voluntary. Defendant has failed to demonstrate a reasonable probability that but for counsel's advice, he would have insisted on going to trial. As the Sixth Circuit has stated, "[t]he decision to plead guilty—first, last, and always—rests with the defendant, not his lawyer." *Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003). In sum, Defendant's argument that his counsel was ineffective for failing to object to the factual basis of his plea and for advising him to plead guilty is without merit and does not provide a basis for granting Defendant's motion to vacate, set aside, or correct the sentence imposed upon him.

**D.     Ground III:  Severance**

Granting or denying a motion to sever is within the district court's sound discretion. *United States v. Martinez*, 432 F. App'x 526, 529 (6th Cir. 2011). The court's discretion, however, is not unlimited. "[W]hen defendants properly have been joined under [FED. R. CIV. P.] 8(b), a district court should grant a severance under [FED. R. CIV. P.] 14 only if there is a serious risk that a *joint trial* would compromise a *specific trial right* of one of the defendants, or prevent the *jury* from making a reliable judgment about guilt or innocence." *Id.* at 530 (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)) (emphasis added).

It is clear, as the government points out in its brief, that "severance of defendants applies to defendants who elect to proceed to trial . . ." (Gov't Resp., Dkt 75 at 17). Here, neither Defendant nor his co-defendant elected to proceed to trial. Therefore, Defendant's argument that his counsel was ineffective for failing to file a motion to sever is without merit and also does not provide a basis for granting Defendant's motion to vacate, set aside, or correct the sentence imposed upon him.

### III.  CERTIFICATE OF APPEALABILITY

Having determined that Defendant's arguments with respect to Grounds II and III do not merit granting his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him, this Court may also determine whether to issue a certificate of appealability on these constitutional claims.  *See Castro v. United States*, 310 F.3d 900, 901-03 (6th Cir. 2002).

A certificate of appealability should issue if the movant has demonstrated a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of certificates of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, a district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the United States Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Id.*  Consequently, this Court has examined Defendant's ineffective-assistance-of-counsel arguments in Grounds II and III under the *Slack* standard.

To warrant a grant of the certificate, "the [defendant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.  The Court holds that reasonable jurists could not find this Court's assessment of either of Defendant's ineffective-assistance-of-counsel arguments in Grounds II and III debatable or wrong.  Defendant failed to demonstrate that his counsel's performance was deficient in either of the ways he claimed.  Therefore, the Court denies Defendant a certificate of appealability as to each issue presented in Grounds II and III.

## IV.  CONCLUSION

For the foregoing reasons, this Court grants in part and denies in part Defendant's § 2255 motion and denies a certificate of appealability as to each issue asserted in Grounds II and III.

A Final Order consistent with this Opinion will be entered.


DATED: April 26 , 2012                     /s/ Janet T. Neff
                                           JANET T. NEFF
                                           United States District Judge